## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**JOHN DOE**                                          **CIVIL ACTION NO.**

**VERSUS**                                            **16-877-SDD-EWD**

**LOUISIANA BOARD OF**
**ETHICS (BOE), ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 10, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**JOHN DOE**                                                               **CIVIL ACTION NO.**

**VERSUS**                                                                  **16-877-SDD-EWD**

**LOUISIANA BOARD OF**
**ETHICS (BOE), ET AL.**

## REPORT AND RECOMMENDATION

On December 30, 2016, Plaintiff filed a handwritten Complaint in this court against the Louisiana Board of Ethics.[1] However, Plaintiff failed to pay the filing fee and failed to file a motion to proceed in forma pauperis (an "IFP motion"). Accordingly, this court ordered Plaintiff to appear and show cause on February 7, 2017 why plaintiff failed to file an IFP motion or pay the Court's filing fee.[2] During the February 7, 2017 hearing, Plaintiff advised the court that he believed Louisiana law permitted him to proceed without payment of the filing fee or filing an IFP motion based on provisions of Louisiana election law governing major party candidates. When the court questioned Plaintiff further, he was unable to cite the court to the particular provision(s) of law upon which he relies. The court allowed Plaintiff to file briefing with regard to this issue.[3] Additionally, the court ordered that Plaintiff could either pay the filing fee in this matter or submit a completed Application to Proceed in District Court Without Prepayment of Fees or Costs (Long

---

[1] R. Doc. 1. Attachments to Plaintiff's Complaint include a "Notice of Appeal" "for reversal of the 19th JDC Clerk's decision to dismiss this Action…." R. Doc. 1-1. Accordingly, the undersigned questions whether Plaintiff intended to file this action in federal district court, or instead seeks appellate review within the state court system. Plaintiff also attaches a "Petition for Damages" with a caption indicating Plaintiff intended to institute suit in the state district court. In that Petition, Plaintiff alleges that he was "wrongfully fined $2,500 by the Louisiana Board of Ethics for allegations of not filing campaign finance report in a timely manner in year 2011." R. Doc. 1-1. Plaintiff's "Notice of Appeal" seems to appeal a dismissal of his state court petition for failure to pay the filing fee. ("Advance deposits are illegal and unconstitutional for it favors the rich and impedes justice. The clerk sat on the action for over 40 days doing nothing, then mails a request for $400.00 to Mr. Ceasar for what?").

[2] R. Doc. 2.

[3] R. Doc. 4.

Form) in lieu of submitting the supplemental briefing.[4]  On February 15, 2017, Plaintiff filed an "Answer and Objection" in response to the undersigned's Hearing Report and Order.[5]

In his Answer and Objection, Plaintiff argued that "[t]he Honorable Clerk of Court in this matter accepted this pleading based on the merits of the explanation already submitted by plaintiff that there is no fee involved in this matter since it arises out of an action started by the Louisiana Board of Ethics (BOE) in 2011 at which time plaintiff was a major office candidate for Governor of the State of Louisiana."[6]  Plaintiff contended that "[t]he Honorable Clerk of Court in this matter did not challenge the explanation (which is his charge) and therefore, plaintiff is cleared to proceed as allowed by law."[7]  Plaintiff further argued that "[p]ublic servants [sic] legal fees are waived and paid by the State of Louisiana to protect from being injured financially while serving the public or offering to become a public servant."[8]  Plaintiff failed to cite any specific provision of law to support his position that Louisiana law permits him to proceed without paying the filing fee or filing an IFP motion in this court and the undersigned is not aware of any such law.  Moreover, Plaintiff provided no support for his position that simply because the clerk of court accepted his Complaint for filing, the requirement of either filing an IFP motion or paying the filing fee was dispensed with.

On February 23, 2017, this court ordered Plaintiff to either to pay the $400.00 filing fee or file an Application to Proceed in District Court Without Prepayment of Fees or Costs (Long Form) within seven (7) days.[9]  The Application to Proceed in District Court Without Prepayment of Fees

---

[4] R. Doc. 4.  The court attached the Long Form application to its February 7, 2017 Notice and Order.

[5] R. Doc. 5.

[6] R. Doc. 5, p. 1.

[7] R. Doc. 5, p. 1.

[8] R. Doc. 5, p. 2.

[9] R. Doc. 7.

or Costs (Long Form) was attached to the court's February 23, 2017 Order. Additionally, the court's February 23, 2017 Order advised Plaintiff "that failure to comply with the terms of this Order may result in a recommendation that this case be dismissed."[10]

Despite the undersigned's repeated invitations to Plaintiff to submit an IFP motion (as well as the court actually attaching the Long Form for such motion to two of its Orders), Plaintiff has not moved to proceed in forma pauperis. Plaintiff has not paid the $400.00 filing fee. Federal Rule of Civil Procedure Rule 41(b) allows the Court to dismiss an action if "the plaintiff fails to prosecute or to comply with these rules or a court order…." The record reflects that Plaintiff failed to pay the $400.00 filing fee or file an IFP motion by March 2, 2017, as required by the Court's Order. Because Plaintiff did not comply with the Court's Order, Plaintiff's action should be dismissed without prejudice.

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** without prejudice for failure to either pay the Court's filing fee or file a motion to proceed in forma pauperis.

Signed in Baton Rouge, Louisiana, on March 10, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] R. Doc. 7, p. 2.

4